**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LAMONTA D. DAVIS**                                                                  **PLAINTIFF**

**v.**                         **Case No. 4:23-cv-00003-LPR**

**DOES**                                                                  **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Lamonta D. Davis paid the filing fee[1] and filed a pro se complaint.[2]  But the allegations in the Complaint, even taken as true, do not establish jurisdiction for federal court involvement.  Ms. Davis alleges that Doe defendants, who live at "4808-4809 Hickory Ave apartments in North Little Rock" have conspired to murder her and her family.[3]  Ms. Davis also alleges that "government officials," including the FBI, knew that she had been harassed and threatened but have failed to intervene.[4]  Ms. Davis also alleges that former unnamed co-workers from a number of jobs have conspired and aided in crimes against her.[5]  Ms. Davis states that she would like a settlement and an investigation.[6]

Federal courts are courts of limited jurisdiction.[7]  Cases over which federal courts do not have subject-matter jurisdiction must be dismissed.[8]  This is one of those cases.  The Court will briefly explain why.  First, the Complaint does not allege diversity jurisdiction.  Diversity

---

[1] Receipt of Filing Fee (Doc. 1).

[2] Compl. (Doc. 1).

[3] *Id.*

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.* at 4–5.

[7] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[8] Fed. R. Civ. P. 12(h)(3).

jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.[9]  Here there is no reason to assume the Plaintiff is suing any person or entity whose citizenship is foreign to Arkansas.  And there is also no reason to assume she is seeking over $75,000.

Second, the Complaint does not allege federal question jurisdiction.  It appears that Ms. Davis is solely asking that a criminal investigation be started into her allegations of harassment and threats.  Ms. Davis, however, has no federal constitutional or statutory right to compel a police investigation or prosecution.[10]  As currently pled, it is entirely unclear what, if any, federal claim Ms. Davis is alleging and who she alleges it against.

The Court understands that Ms. Davis is proceeding pro se and, therefore, will give her 30 days to amend her Complaint if she wants to do so.  If she does not amend her Complaint, her case will be dismissed for lack of subject matter jurisdiction.  If she does amend her Complaint, Ms. Davis must understand that her Amended Complaint will completely supersede and replace her original Complaint, rendering her original Complaint a nullity.  Any Amended Complaint must set out the facts and claims (and who the defendants are) in a plainly stated, organized manner.  And, importantly, if Ms. Davis believes she is setting forth a claim or claims under federal law, she must (1) clearly identify which federal law or laws (or which constitutional provisions), and (2) explain how she believes that specific federal law or those specific federal laws (or constitutional provisions) were violated.

---

[9] 28 U.S.C. § 1332.

[10] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

2

IT IS SO ORDERED this 20th day of June 2023.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE